UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILLIAN NAKIWALA,<br><br>    Plaintiff,<br><br>v.<br><br>VELOCITY INVESTMENTS, LLC,<br><br>    Defendant. | Civil Action No.<br>25-10835-BEM |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

    Plaintiff Lillian Nakiwala brings this action against Defendant Velocity Investments, LLC ("Velocity"), seeking to stay certain state court proceedings related to debt collection and to compel arbitration. Dkt. 1. Upon review, the Court finds that the Complaint fails to establish jurisdiction. *Id.* Accordingly, the case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**I.    Jurisdiction**

    The Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3). In response to the Court's May 12, 2025 Order raising the issue of jurisdiction, Dkt. 20, Ms. Nakiwala asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1332 (diversity jurisdiction). Dkt. 23 at 1–2.

    Section 4 of the Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to "petition any United States district court, which save for such agreement, would have

jurisdiction under title 28, in a civil action . . . for an order directing that such arbitration proceed." 9 U.S.C. § 4.  Based on its plain language, section 4 does not, of its own accord, confer jurisdiction upon a federal court.  *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009).  Instead, there must be an independent basis for jurisdiction.  *Id.*  Accordingly, the Supreme Court has directed that district courts should "look through" the petition to the underlying substantive conflict between the parties to assess jurisdiction.  *Ortiz-Espinosa v. BBVA Sec. of P.R., Inc.*, 852 F.3d 36, 43–44 (1st Cir. 2017) (citing *Vaden*, 556 U.S. at 62, 70), *abrogated on other grounds by Badgerow v. Walters*, 596 U.S. 1 (2022).

    A.    **Federal Question Jurisdiction**

Ms. Nakiwala asserts that federal question jurisdiction is present under the FAA and Fair Debt Collection Practices Act ("FDCPA").  Dkt. 23 at 2.  As noted, the FAA does not confer independent grounds for subject matter jurisdiction.  *Ortiz-Espinosa*, 852 F.3d at 45 ("[F]ederal question jurisdiction over controversies involving arbitration cannot be based on the fact that the FAA establishes the relevant substantive law.").  Further, whether subject matter jurisdiction exists under 28 U.S.C. § 1331 is determined by the nature of the *plaintiff's* claim in the underlying action (Velocity)—not a defense or counterclaim by the defendant (Ms. Nakiwala).  *See Vaden*, 556 U.S. at 60 (stating that jurisdiction under section 1331 "cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim").  As in *Vaden*, the only reference to federal claims stems from Ms. Nakiwala's potential counterclaims—her assertion that Velocity's actions violated the FDCPA.  *Id.* at 67–68.  But that fails to establish federal question jurisdiction.  *See id.* at 71 ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

B.      **Diversity Jurisdiction**

Ms. Nakiwala also asserts that the requirements to establish diversity jurisdiction are satisfied. Dkt. 23 at 1–2. District courts have original jurisdiction over civil actions where the amount in controversy is greater than $75,000 and the litigation is between citizens of different states.[1]  18 U.S.C. § 1332(a)(1).

"[T]he relevant question for determining the amount in controversy in the context of a petition to compel arbitration is the amount in controversy in the underlying litigation." *Doctor's Assocs., Inc. v. El Turk*, 2018 WL 3238701, at *7 (D. Conn. Feb. 28, 2018) (citing *Doctor's Assocs., Inc. v. Hamilton*, 150 F.3d 157, 160 (2d Cir. 1998) ("In the context of a petition to compel arbitration, we have advised district courts to look through to the possible award resulting from the desired arbitration since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award."")).[2] "Thus the amount in controversy in a petition to compel arbitration . . . is determined by the underlying cause of action that would be arbitrated."[3] *Bull HN Info. Sys., Inc. v. Hutson*, 1998 WL 426047, at *4 (D. Mass. July 24, 1998) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)), *on reconsideration*, 118

---

[1] Because the Court is dismissing the case for failure to meet the amount-in-controversy requirement as set forth *infra* at 4, the Court does not address the citizenship requirement.

[2] *See also Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) ("In considering the jurisdictional amount requirement [regarding a petition to compel arbitration] the court should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award." (quoting *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957) (holding amount-in-controversy requirement met in action to compel arbitration where the amount of the arbitration award sought exceeded the statutory requirement for diversity jurisdiction))); *Marcy Lee Mfg. Co. v. Cortley Fabrics Co.*, 354 F.2d 42, 43 (2d Cir. 1965) ("The test here, however, is not what Marcy Lee might collect in an action but what it might obtain from the arbitration it seeks to compel.").

[3] While "[c]ourts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation," *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (including in the calculation of the amount in controversy the "the incremental costs it would incur if relief were denied in [the] action"), it does not follow that a party may assert the costs that would be incurred if relief were granted—*i.e.*, if the motion to compel arbitration were granted.

3

F. Supp. 2d 55 (D. Mass. 1999), *rev'd on other grounds*, 229 F.3d 321 (1st Cir. 2000); *see also CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 837–38 (8th Cir. 2013) (holding that, in a motion to compel arbitration, the amount in controversy is determined "by looking through to 'the entire, actual controversy between the parties, as they have framed it.'" (quoting *Vaden*, 556 U.S. at 66)); *Am.'s MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 787 (7th Cir. 2004) (holding that "the stakes of the arbitration are the ultimate amount in controversy" for a petition to compel); *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 479 (S.D.N.Y. 2021) (finding amount in controversy met in petition to compel arbitration where the underlying arbitration concerned eleven disputed transactions that exceeded $75,000). The debt at issue in the underlying litigation is less than $25,000. *See* Statement of damages filed by Plaintiff alleging contract action for damages of $25000. or less, *Velocity Investments, LLC v. Lillian Nakiwala*, No. 2347CV000168 (Concord Dist. Ct. Aug. 21, 2023).[4] It is clear that an arbitrator could not award an amount in excess of $75,000 to Ms. Nakiwala in an arbitration concerning a debt of less than $25,000.[5] As such, Ms. Nakiwala fails to satisfy the diversity jurisdiction requirements.

### C.  **Inherent Authority**

Finally, Ms. Nakiwala urges this Court to exercise "its inherent equitable authority" to enforce the arbitration agreement at issue. Dkt. 23 at 2. However, the federal courthouse is a

---

[4] The amount-in-controversy limit in Concord District Court is $50,000. *See* Mass. Gen. Laws ch. 212, § 19; Supreme Judicial Court, *Order Regarding Amount-in-Controversy Requirement Under G. L. c. 218, § 19, and G. L. c. 212, § 3* (July 17, 2019) (raising the amount-in-controversy limit from $25,000 to $50,000, effective January 1, 2020).

[5] Even if the Court were to consider the additional costs Ms. Nakiwala claims would push the amount in controversy over $75,000, her general assertions of "[t]he costs of compelling and conducting private arbitration" and "potential exposure of Defendant" to additional claims fail to demonstrate that such costs could plausibly exceed the over $50,000 gap between the contested debt at issue in the state court litigation and the federal amount-in-controversy requirement. The face of Ms. Nakiwala's papers—her motion to compel arbitration, Dkt. 1, and response to the Court's order, Dkt. 23, reveals, to a legal certainty, that the controversy cannot involve the requisite amount, and thus must be dismissed. *See Coventry v. Dworkin*, 71 F.3d 1, 6 (1st Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 291 (1938)).

"court of limited jurisdiction, limited to deciding certain cases and controversies." *Belsito Commc'ns, Inc. v. Decker*, 845 F.3d 13, 21 (1st Cir. 2016). If jurisdiction is not clearly established, Rule 12(b)(1) requires dismissal for lack of subject matter jurisdiction. *See Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 71 (1st Cir. 2021) ("[T]he court is obligated to dismiss a case *sua sponte* if it detects a jurisdictional defect."). But the Court does not have discretion to retain a case over which it has no subject matter jurisdiction. *McCulloch*, 364 F.3d at 5; *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

**II.    Conclusion**

Documents filed by pro se parties must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). Lacking any cognizable basis for subject matter jurisdiction over the parties' dispute, the Court hereby DISMISSES this action without prejudice.

**So Ordered.**

Dated: May 29, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court